**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **SUSMITA MADDI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO.___1:25-cv-2220___** |
| **v.** | § | |
| | § | |
| **TESLA, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT

Plaintiff Susmita Maddi ("Plaintiff" or "Susmita") moves for judgment against Defendant Tesla, Inc., ("Tesla" or "Defendant") and in support of her Complaint alleges the following:

### PARTIES

1.    Plaintiff is a citizen of Virginia who resides in Loudoun County, Virginia.

2.    Defendant Tesla, Inc. is a Texas corporation with its principal place of business in Austin (Travis County), Texas.

3.    At all times relevant, Defendant acted by and through its employees, agents, and servants, who were acting within the scope of their employment, agency, or master-servant relationship with Defendant.

### JURISDICTION AND VENUE

4.    Jurisdiction is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Virginia, Defendant is not a citizen of Virginia, and the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      The court has personal jurisdiction over Defendant Tesla, as it designs and manufactures products to be sold in the Commonwealth of Virginia, operates numerous showrooms in the Commonwealth of Virginia where it sells its vehicles, and has consistent and significant commercial interactions within the Commonwealth of Virginia.

6.      Venue is proper within the Eastern District of Virginia, Alexandria Division, because the events or omissions giving rise to the claims alleged in this Complaint occurred in Loudoun County, Virginia.

### OVERVIEW AND FACTS

7.      This case arises from catastrophic defects in the Tesla Model Y automobile that turned a survivable crash into an inferno from which Susmita could not escape or be timely rescued because of the unreasonably dangerous and defective design of the vehicle, resulting in her suffering severe injuries and disfiguring burns.

8.      On February 4, 2023, Plaintiff's husband Venkateswara Pasumarti purchased a 2023 Tesla Model Y automobile, VIN: 7SAYGDEE8PA102359 ("the Vehicle") through Tesla's website, which was delivered to him in Virginia. At all times, Mr. Pasumarti was the sole owner and primary operator of the Vehicle.

9.      On December 9, 2023, Susmita was riding in the front passenger seat of the Vehicle which was being operated by her husband.  They were traveling in Leesburg, Virgina in the southbound lane of Battlefield Parkway NE approaching the intersection of Market Place at Potomac Station.

10.      Without warning, Mr. Pasumarti suffered a medical emergency and lost control of the Vehicle which struck a utility pole on the west side of the roadway. After impact, a fire began in the front of the Vehicle while the occupants were entrapped in the Vehicle.

11.      Bystanders and witnesses attempted to open the passenger door to extricate Plaintiff from the burning Vehicle.  They were unable to do so because, among other reasons, the electronic

door handles in this model Tesla become inoperative after a crash due to insufficient vehicle-supplied voltage. Rescuers spent many minutes trying to extricate Susmita from the Vehicle while she was burning alive inside. The smoke and fire caused severe burns and respiratory injuries to Susmita (the "Incident").

12.    When the Vehicle caught fire, the front passenger-side door remained mechanically openable, but the door's ordinary operation depended on low-voltage electronic buttons located inside the cabin and on the exterior pillar. Those buttons failed after the crash. Because the Vehicle lacked exterior mechanical handles, no rescuer could open the doors from the outside.

13.    Inside the Vehicle, there was a mechanical backup release, but it was not in a location known to Susmita and could not be found by the rescuers even after they smashed open Susmina's window. For Susmita, this hidden release was her only escape route — leaving her with no means of egress.

14.    Tesla compounded the danger created by the inoperable passenger door by designing the Vehicle's windows to be extraordinarily resistant to intrusion. The same features that repel blunt force also made it nearly impossible for occupants to break a window to escape, or for rescuers to force entry.  After extended failed efforts, rescuers finally extricated her, but only after she suffered severe burns.

15.    The combination of these design choices created a highly foreseeable risk that an occupant who survived a crash would remain trapped inside a burning vehicle. Susmita suffered life-changing burns because Tesla's design left her with no practical means of escape or rescue.

## HOW TESLA DOORS WORK – AND FAIL

### Exterior Entrapment

16.    The Model Y electronic passenger doors lock automatically and do not automatically unlock in the event of a crash or fire. The exterior electronic door handles retract or

sink into the door panel surface and can become inoperable following a crash or fire due to low battery voltage. The only way to open its doors from outside is through an electronic button on the pillar beside the door, a system that depends entirely on low-voltage power. If that button system fails in a crash or fire, rescuers are left without a way to open the doors from outside. Tesla's laminated double-pane side windows make forced entry extraordinarily difficult, requiring extreme force to break a window.

### Interior Entrapment

17.     Inside the Model Y, normal door operation also relies on a low voltage electronic button mounted on the door handle, which may fail in a crash due to power loss or crash damage. For the front passenger door, the only remaining option is a hidden mechanical release which is counterintuitive, difficult to locate and use without having studied the owner's manual, and requires an improbable and impractical maneuver in an emergency. These design choices created a highly foreseeable risk that passengers who survive a crash could remain trapped when the vehicle caught fire and the door buttons stop functioning.

### Notice

18.     Tesla was aware of numerous similar incidents before 2023 in which occupants became entrapped due to the doors' operation.  In fact, the National Highway Traffic Safety Administration recently opened an investigation into this issue addressing Tesla's design and knowledge of this problem.

### COUNT I: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
#### (Unreasonably Dangerous Design and/or Manufacturing Defect)

19.     The Vehicle at issue in this suit was designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce by and through the agents and/or representatives of Defendant Tesla.

20.     Defendant was a "seller" and "merchant" within the meaning of the Virginia Commercial Code.

21.     There was an implied warranty by operation of law that the Vehicle would pass without objection in the trade and was fit for the ordinary purposes for which such goods are used.

22.     The ordinary purpose for which the Vehicle was designed to be used was as a passenger vehicle.

23.     At all times relevant, Plaintiff used the Vehicle for its ordinary purposes.

24.     At the time the Vehicle left Tesla's control, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured, or marketed to minimize the risk of injury. By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

    a.     The Vehicle's occupant compartment was not reasonably escapable or accessible in the event of a foreseeable accident resulting in fire and loss of power.

    b.     The Vehicle's door handles and locking/unlocking system were defectively designed which prevented rescuers from extracting the occupants after an accident;

    c.     The Vehicle's design made it unreasonably prone to post-collision fire; and

    d.     The warnings and instructions for the Vehicle were inadequate.

25.     As a direct and proximate result of the breach of implied warranty of merchantability by Defendant, the Incident occurred and Plaintiff suffered serious and permanent injuries, physical pain and mental anguish, disfigurement, inconvenience, medical bills, and lost earnings, past present and that which she may reasonably be expected to suffer in the future and has otherwise been damaged.

## COUNT II: NEGLIGENCE
### (Design and/or Manufacturing Defect, Inadequate Warnings and Instructions)

26.    Defendant Tesla had a duty to use ordinary care to design, manufacture, and construct a product that would be reasonably safe for its intended purposes and for any other reasonably foreseeable purposes.

27.    Defendant Tesla knew, or by the use of ordinary care, had reason to know, that its product was unreasonably dangerous, and that this danger was not obvious or readily discoverable by the buyer, and that injury reasonably could be anticipated; therefore, Defendant had a duty to give an adequate warning of this danger.

28.    Defendant Tesla breached these duties and was negligent by:

a.    Failing to adequately warn users of the foreseeable danger that the electronic door system would fail in the event of a crash or fire,

b.    Failing to adequately warn and instruct users about the location and operation of the manual door release system,

c.    Failing to locate the manual door release system in a place where it was easy to find in an emergency,

d.    Failing to design the Vehicle so that locked doors automatically unlock post-crash to allow the occupants to exit and early first responders and rescuers to open the door,

e.    Designing and distributing the 2023 Model Y with a design standard that was intended to meet the minimum government regulations, instead of safely designing the vehicle to reasonably minimize injuries in foreseeable accidents,

f.    Failing to adequately monitor the performance of Defendant's vehicles in the field to ensure that they were reasonably minimizing injuries in foreseeable accidents,

g.      Failing to adequately test the 2023 Model Y to ensure that it would be reasonably safe in foreseeable accidents,

h.      Failing to design the 2023 Model Y's door handles and locking system to allow reasonable access to or escape from the occupant compartment in the event of a foreseeable accident resulting in fire and loss of power,

i.       Designing the 2023 Model Y's door handles and locking system in a way that prevented rescuers from opening the doors following a foreseeable accident,

j.       Designing a vehicle that was unreasonably prone to post-collision fire; and

k.      Failing to recall, retrofit, or issue post-sale warnings after Defendant knew or should have known that the Model Y was defective and unreasonably dangerous.

29.     As a direct and proximate result of the breach of implied warranty of merchantability by Defendant, the Incident occurred and Plaintiff suffered serious and permanent injuries, physical pain and mental anguish, disfigurement, inconvenience, medical bills and lost earnings, past present and that which she may reasonably be expected to suffer in the future and has otherwise been damaged.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

30.     Plaintiff claims pre-judgment and post-judgment interest at the maximum rate allowed by law.

### JURY DEMAND

31.     Plaintiff demands a trial by jury in this case.

**WHEREFORE**, Plaintiff prays for judgment and an award of execution against Defendant in the sum of Fifty Million Dollars ($50,000,000.00), plus costs of this suit, all applicable interest, and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

PHELAN PETTY, PLC

/s/ Michael G. Phelan
Michael G. Phelan (VSB No. 29725)
Jonathan M. Petty (VSB No. 43100)
Christopher P. Yakubisin (VSB No.91186)
3315 West Broad Street
Richmond, VA 23230
804-767-6316 –Phelan Direct
804-767-7818 – Petty Direct
804-7674817 - Yakubisin Direct
804-767-4601 – Facsimile
mphelan@phelanpetty.com
jpetty@phelanpetty.com
cyakubisin@phelanpetty.com

James L. Mitchell*
Jim@PayneMitchell.com
Andrew S. Bullard*
abullard@paynemitchell.com
PAYNE MITCHELL RAMSEY LAW GROUP
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214/252-1888 Telephone
214/252-1889 Facsimile

**ATTORNEYS FOR PLAINTIFF**

**\***Application for *Pro Hac Vice*
 Admission Forthcoming